**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SHAMONA SANDERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-2165-SHL-cgc |
| | ) | |
| SQA MAHADEV, LLC, | ) | |
| d/b/a OYO TOWNHOUSE, | ) | |
|     Defendant. | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AND SETTING DAMAGES HEARING**

Before the Court is Plaintiff Shamona Sanders' Motion for Entry of Default Judgment, filed May 31, 2024.  (ECF No. 43.)  Sanders seeks default judgment against Defendant SQA Mahadev, LLC, d/b/a OYO Townhouse ("SQA Mahadev"), including an award of her unpaid minimum wages, unpaid overtime wages, and liquidated damages.  (Id. at PageID 114.)  For the following reasons, the motion is **GRANTED IN PART**.

**PROCEDURAL BACKGROUND**

Sanders filed her complaint on March 28, 2023, alleging that SQA Mahadev failed to pay her minimum wages and overtime pay in violation of the Fair Labor Standards Act ("FLSA").  (ECF No. 1 at PageID 7.)  Sanders styled her complaint as a potential collective action (id. at PageID 1), but that avenue was never pursued as she decided to proceed in just her individual capacity.

SQA Mahadev filed its answer on July 14.  (ECF No. 12.)  A scheduling order was set for the case on August 14.  (ECF No. 19.)  However, communication issues arose between SQA Mahadev and its attorneys.  (ECF No. 23.)  The attorneys stated that they could not get in touch with their clients after multiple failed attempts, and therefore requested a withdrawal from the

case. (Id.)  The Court eventually granted that withdrawal after holding a hearing on the matter.

(See ECF Nos. 26, 31.)

Because SQA Mahadev was improperly proceeding pro se, the Court ordered it to show

cause as to why the company had yet to obtain counsel.  (See ECF No. 38.)  A response to that

order was never received.  Sanders then moved for default (ECF No. 41), which was granted by

the Clerk (ECF No. 42).  She now moves for entry of default judgment.  (ECF No. 43.)

## FACTUAL BACKGROUND

SQA Mahadev is a hotel operator that has an annual revenue of at least $500,000.  (ECF

No. 1 at PageID 3.)  Sanders worked as an hourly paid employee at SQA Mahadev's hotel and

lived on the premises.  (Id. at PageID 4.)  She avers that she is owed unpaid overtime wages "at a

rate of $10.87 per hour for an average of 14.5 overtime hours" per week for a year's worth of

work from November 2021 to November 2022, resulting in $8,195.98 in unpaid overtime wages.

(ECF No. 43 at PageID 114.)

She also was not paid at all for the final two weeks she worked, (id. at PageID 113), and

is therefore owed $580 in minimum wages for that period, (id. at PageID 114).  Because she is

also entitled to an equal amount of liquidated damages under the FLSA—resulting in $8,195.98

in liquidated damages for unpaid overtime and $580 for unpaid minimum wages—Sanders seeks

a total of $17,551.96 in damages.  (Id. at PageID 114.)

## ANALYSIS

Entry of default judgment is a two-step process under the Federal Rules of Civil

Procedure.  First, "when a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, the clerk may enter default

judgment against a defendant only when they seek a "sum that can be made certain by computation" and the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Here, Sanders sought entry of default after SQA Mahadev failed to otherwise defend itself in this case. (See ECF No. 41.) She now seeks entry of default judgment against SQA Mahadev under Rule 55(b)(2). (ECF No. 43.)

The Court is required to "exercise sound judicial discretion" in determining whether an application for default judgment under Rule 55(b)(2) should be granted. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2022). In fact, "even if a defendant defaults, a court may still deny a default judgment if the plaintiff has failed to state a claim on which relief can be granted." Escalante v. Lidge, 34 F.4th 486, 493 (5th Cir. 2022).

Moreover, "[u]pon default, the well-plead allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012). Damages must therefore be proved unless they are "liquidated or capable of calculation." Id. (internal quotation marks omitted). Damages are liquidated "when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law." KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 20 (1st Cir. 2003).

A court is not required to hold a hearing on a motion for default judgment, but may do so when one is necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. A.P. Moller-Maersk A/S v. Safewater Lines (I) Pvt., Ltd., 784 F. App'x 221, 229 n.6 (5th Cir. 2019).

I.   **FLSA Claim**

The FLSA both protects the federal minimum wage, see 29 U.S.C. § 206 (a)(1), and requires overtime pay for certain covered employees at time and a half pay, see 29 U.S.C. § 207(a)(1).  Employers are required to pay their employees who are "employed in an enterprise engaged in commerce . . . wages . . . [of] not less than . . . $7.25 an hour."  29 U.S.C. § 206 (a)(1)(C).  Similarly, an employer should not "employ any of his employees . . . for a workweek longer than forty hours unless such employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  Based on the allegations of the complaint that are now accepted as true, SQA Mahadev fits the FLSA's definition of an enterprise engaged in commerce that was an employer of Sanders; thus, SQA Mahadev is subject to the FLSA.

II.   **Damages**

Under the FLSA, an employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

Sanders asserts that she is owed unpaid overtime wages "at a rate of $10.87 per hour for an average of 14.5 overtime hours" per week for a year's worth of work from November 2021 to November 2022, resulting in $8,195.98 in unpaid overtime wages.  (ECF No. 43 at PageID 114.)  Furthermore, she was not paid at all for the last two weeks she worked (id. at PageID 113), resulting in a claim for $580 in unpaid minimum wages for that period (id. at PageID 114).  Because the allegations of the complaint are now accepted as true, specifically that she was not paid for her final two weeks of work, Sanders is entitled to the sum certain of her unpaid minimum wages of $580.

The FLSA authorizes liquidated damages for employees' "unpaid minimum wages, or their unpaid overtime compensation . . . and an additional equal amount as liquidate damages." 29 U.S.C. § 216(b).  Therefore, Sanders is also entitled to an equal amount of her minimum wage damages as liquidated damages under the FLSA—resulting in $580 in liquidated damages for her unpaid minimum wages.  (See ECF No. 43 at PageID 114.)

However, Sanders does not provide enough detail in her declaration as to the overtime hours she worked.  She alleges that she "regularly worked at least 53 hours and up to 60 hours a week starting in November 2021."  (ECF No. 43-1 at PageID 116.)  Ultimately, she requests damages for 14.5 overtime hours per week.  (ECF No. 43 at PageID 114.)  However, estimates like this, without any proof, are not sufficient to establish damages.  The Court seeks more specificity as to the overtime hours she worked, and the number of weeks she worked those hours.  Therefore, the Court **SETS A HEARING** for **Wednesday, August 21, 2024, at 2:30 p.m.** via Microsoft Teams, where it will hear argument and consider evidence as to Sanders' overtime wages.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Sanders' Motion for Entry of Default Judgment.  The Court **AWARDS** Sanders $580 in unpaid minimum wages and $580 in liquidated damages for a total of **$1,160**.  The Court will hold a **hearing** on **Wednesday, August 21, 2024, at 2:30 p.m.** via Microsoft Teams to determine the damages connected to Sanders' overtime claim related to work from November 2021 to November 2022.

The Clerk's Office is **DIRECTED** to email this Order to quepatel@icloud.com and mail it to the following addresses:

SQA Mahadev, LLC dba Oyo Townhouse
registered agent, Mr. Qunishbhai Patel
6101 Shelby Oaks Drive
Memphis, TN 38134

SQA Mahadev, LLC
c/o Faisal Jiwani
6819 Crumpler Boulevard, Suite 100
Olive Branch, Mississippi 38654

**IT IS SO ORDERED**, this 26th day of July, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE